UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD W. PLUMLEE, III,<br><br>Defendant. | NO:  2:10-CR-2037-RMP<br><br>ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE |

BEFORE THE COURT is the United States' Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, **ECF No. 123**. Although the Government has requested oral argument, *see id.* at 1, the Court concludes that oral argument is not warranted and will determine the Government's motion without oral argument. *See* LR 7.1(h)(3)(B)(iv).  The Court has reviewed the motion, the response memorandum (ECF No. 124), and is fully informed.

### BACKGROUND

On April 13, 2010, Defendant was charged with Possession of a Firearm by Unauthorized Person, in violation of 18 U.S.C. § 922(g)(1), and Possession of an

ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE ~ 1

Unregistered Firearm, in violation of 26 U.S.C. § 5841, 5845, 5861(d), and 5871. ECF No. 1. Defendant pleaded guilty to the charge of Possession of an Unregistered Firearm on March 8, 2012. ECF Nos. 93 and 96.[1]

In preparation for sentencing, the United States Probation Office compiled a Presentence Investigation Report. ECF No. 99.[2] The Probation Office concluded that Defendant's Base Offense Level was 26, based on the application of U.S.S.G. § 2K2.1(a)(1). *Id.* at 8. The Probation Office found that Defendant triggered a heightened Base Offense Level because the offense involved a firearm described in 26 U.S.C. § 5845(a), and Defendant had been previously convicted of at least two felonies which constituted either a crime of violence or a controlled substance offense. *Id.* Defendant had prior convictions for felony harassment of another with threats to kill and third degree assault, as well as two convictions for

---

[1] Defendant initially pleaded guilty to Possession of a Firearm by an Unauthorized Person, ECF Nos. 34 and 36, but was granted permission to withdraw the original guilty plea on January 25, 2012. ECF No. 90.

[2] The Probation Office previously had compiled multiple Presentence Investigation Reports, ECF Nos. 46 and 62, but was forced to issue a revised report following *Sykes v. United States*, 564 U.S. 1 (2011), *overruled by Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015), and Defendant's second guilty plea and corresponding plea agreement. ECF Nos. 93 and 96.

ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE ~ 2

attempting to elude a pursuing police officer, at the time "crimes of violence" under U.S.S.G. § 4B1.2(a)(2). *Id.* Defendant's Base Offense Level was increased a further four levels as Defendant used or possessed a firearm in connection with another felony offense. *Id.* After a three level downward adjustment for acceptance of responsibility, Defendant's Total Offense Level was calculated to be 27. *Id.* at 10.

Defendant was sentenced on April 4, 2012. ECF No. 104. The Court accepted the Probation Office's calculation of Defendant's offense level which, coupled with Defendant's Criminal History Category of VI, recommended a guideline imprisonment range of 130 to 162 months. ECF No. 106 at 1. The Court sentenced Defendant to 108 months incarceration, to run consecutive to any term of imprisonment imposed in Yakima County Superior Court Case No. 10-1-00458-6. ECF No. 105 at 2.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id.* at 2557.

On December 8, 2015, Defendant filed a *pro se* Motion to Reduce Sentence. ECF No. 108. The Court appointed counsel for Defendant on January 7, 2016, ECF No. 110, and Defendant filed a supplemental Motion to Vacate in Light of *Johnson v. United States* on May 4, 2016. ECF No. 117. Defendant argues that

ORDER DENYING MOTION TO VACATE HEARING AND HOLD
PETITIONER'S MOTION IN ABEYANCE ~ 3

1  *Johnson*, in holding the ACCA residual clause to be unconstitutional, also

2  invalidated the similar residual clause contained in U.S.S.G. § 4B1.2(a)(2). *Id.* at 8.

3  Consequently, Defendant contends that he was improperly sentenced based on four

4  prior crimes of violence and with an incorrect Base Offense Level. *Id.*

## DISCUSSION

The Government moves to vacate the scheduled hearing and stay Defendant's motion pending the resolution of two cases before the Ninth Circuit, *United States v. Gardner*, C.A. No. 15-72559 (W.D. Wash.), and *United States v. Jacob*, C.A. No. 15-73302 (D. Or.). ECF No. 123 at 5. Further, the Government objects that the scheduled hearing is premature as the Court has not ordered the Government to respond to Defendant's motion. *Id.* at 2 n.1.

### I. Stay of Proceedings

The Government requests that the Court stay proceedings until the Ninth Circuit has adjudicated two pending cases, *Gardner* and *Jacob*. *Id.* at 5. The Government argues that "the threshold issue is whether there is any *retroactive* application [of *Johnson*] on collateral review in the Sentencing Guideline context." *Id.* at 4 (emphasis in original). As this issue may be decided by the Ninth Circuit, the Government asserts that a stay of proceedings is appropriate. *Id.* at 5.

Defendant contends that a stay pending the Ninth Circuit's adjudication of *Gardner* and *Jacob* is legally improper. ECF No. 124 at 2. Defendant notes that "there is no guarantee that the opinions will be published orders that are binding on

the district court" and that "[t]he only thing that a stay would do is delay Mr. Plumlee's case." *Id.* at 4–5. Further, Defendant argues that "[t]he government has not satisfied the legal requirements in order to warrant a stay." *Id.* at 6.

The Ninth Circuit discussed stays of habeas corpus proceedings in *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000). In *Yong*, the district court stayed adjudication of a habeas petition, reasoning that "the stay was the most efficient course of action because the court otherwise would be required to revisit its decision after [the Ninth Circuit] issue[d] [its] decision in *Ma*," a separate, pending appeal considering identical issues. *Id.* at 1117–18. The district court further noted that "the stay would not unduly burden Yong because even if the court were to grant Yong's petition, it would stay relief pending appeal." *Id.* at 1118.

The circuit court noted that, although "a trial court has the inherent authority to control its own docket and calendar . . . habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. Further, the court recognized that "we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Id.* The court concluded that:

> [w]e acknowledge that the district court was in an unenviable position. It was faced with a number of petitioners in an evolving area of law and knew that, however it ruled, it might be required to revisit its decisions if its reasoning did not comport with our ruling in *Ma*. The stay it crafted, however, placed a significant burden on Yong by delaying, potentially for years, any progress on his petition. Consequently,

ORDER DENYING MOTION TO VACATE HEARING AND HOLD
PETITIONER'S MOTION IN ABEYANCE ~ 5

although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here.

*Id.* at 1120–21.

As noted by Defendant, *Gardner* and *Jacob* involve requests to file second or successive habeas petitions. ECF No. 124 at 2. Defendant argues that "[a]lthough no appeal can be taken from a denial of a motion for authorization for a successive habeas petition, the petitioner has a right to seek rehearing *en banc* and then appeal to the U.S. Supreme Court's original jurisdiction." *Id.* at 10. As such, Defendant argues that "*Gardner* and *Jacob* could be pending for years." *Id.*

The Government's sole justification for staying proceedings on Defendant's habeas corpus petition rests on preserving judicial economy. ECF No. 123 at 5. Following *Yong*, judicial economy is, alone, an insufficient rationale to justify a perhaps lengthy stay of Defendant's habeas corpus petition. *See Yong*, 208 F.3d at 1120–21; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). As such, the Court denies the Government's request for a stay of Defendant's habeas corpus proceeding.

**II. The Government's Response Memorandum**

The Government objects that, although the Court has scheduled oral argument on Defendant's motion for June 1, 2016, the Court has not "request[ed] a

ORDER DENYING MOTION TO VACATE HEARING AND HOLD
PETITIONER'S MOTION IN ABEYANCE ~ 6

1  response from the United States." ECF No. 123 at 2. Under the Rules Governing

2  § 2255 Proceedings, Rule 4, the Court must "order the United States attorney to

3  file an answer." 28 U.S.C. § 2255 Rule 4(b). Further, "[t]he respondent is not

4  required to answer the motion unless a judge so orders." 28 U.S.C. § 2255 Rule

5  5(a).

6      On May 6, 2016, the Government requested an extension to the briefing

7  schedule for the Government's response to Defendant's Motion to Vacate in Light

8  of *Johnson v. United States*. ECF No. 120. The Court granted the Government's

9  motion, and ordered the Government to file a response memorandum on or before

10 May 16, 2016. ECF No. 122. However, instead of filing the requested response

11 memorandum, the Government filed the instant motion to stay proceedings.

12     Due to the Court's pending trial schedule, the Court was unavailable to hear

13 this matter at the originally scheduled June 1, 2016, hearing. ECF No. 125. As

14 such, the Court re-scheduled the hearing, with oral argument, for June 22, 2016, at

15 3:30 p.m., in Spokane, Washington. *Id.* As the hearing has been re-scheduled, the

16 Court will grant the Government additional time to respond to Defendant's § 2255

17 petition.

18     Pursuant to the Rules Governing § 2255 Proceedings, the Court hereby

19 orders the Government to file a response memorandum on or before June 13, 2016.

20 If Defendant so chooses, Defendant shall file a reply memorandum on or before

21 June 20, 2016.

ORDER DENYING MOTION TO VACATE HEARING AND HOLD
PETITIONER'S MOTION IN ABEYANCE ~ 7

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, **ECF No. 123**, is **DENIED**.

2. The Government shall file a response memorandum to Defendant's Motion to Vacate in Light of *Johnson v. United States* on or before **June 13, 2016**. Defendant shall file any reply memorandum on or before **June 20, 2016**. The Court will hear oral argument at the re-scheduled hearing on June 22, 2016.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 25th day of May 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE ~ 8